IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN GONDOR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KEVIN MCKEOWN, SUPERVISOR | : | |
| OF KEVIN MCKEOWN and | : | |
| DIRECTOR OF DELAWARE COUNTY | : | |
| ADULT PAROLE AND PROBATION | : | NO. 19-5769 |

**MEMORANDUM**

**Savage, J.**                                                                                       February 20, 2020

John Gondor, an inmate at the George W. Hill Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983 based upon his detention in connection with violation of the terms of his probation. He names as defendants Kevin McKeown, the "Supervisor of Kevin McKeown", and the Director of Delaware County Adult Parole and Probation. He also seeks leave to proceed *in forma pauperis*.

Because it appears that he is not capable of paying the fees to commence this civil action, plaintiff will be granted leave to proceed *in forma pauperis*. For the following reasons, we shall dismiss his Complaint without prejudice with leave to amend.

**Factual Allegations**

According to his Complaint, on November 29, 2017, Gondor pled guilty to making terroristic threats and sentenced to a two-year term of probation.[1] Approximately six months later, on May 8, 2018, he "was apprehended by Delaware County Sheriff[s] on

---

[1] Compl. at 3 (Doc. No. 1). *See also Commonwealth v. Gondor*, CP-23-CR-0007794-2016 (C.P. Delaware Cty.).

behalf of Kevin McKeown" and "held in the Delaware County Prison for 24 days".[2]  He provides no additional information regarding this detention.

On July 12, 2018, Gondor was arrested by Upper Darby police "for numerous charges."[3]  He subsequently posted bail and was released on August 21, 2018.[4]

Gondor alleges that "on 8/29/2018, Kevin McKeown executed a bench warrant detainer for [his] apprehension".  On October 1, 2018, Gondor was arrested on the warrant and remanded "to the Delaware County Prison" where he remained incarcerated for ten months.  He avers that McKeown "refused to ask for a revocation hearing until the disposition of an unrelated case".  As a result, he remained in jail for ten months.[5]

Gondor seeks damages of "100 billion (100,000,000,000)" due to his incarceration and related "pain and suffering."[6]

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.

---

[2] *Id.*

[3] *Id.* Gondor was ultimately convicted of terroristic threats and resisting arrest; he was acquitted of obstructing law enforcement, and the other two charges were withdrawn.  *See Commonwealth v. Gondor*, CP-23-CR-0006274-2018 (C.P. Delaware Cty.).

[4] Compl. at 3.

[5] *Id.*

[6] *Id.* at 5.

2

1999). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Gondor is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## Discussion

### *Claims Against Supervisor and Director*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

A supervisor may be liable for unconstitutional acts undertaken by subordinates only if he was personally involved in the constitutional violation by participating in violating the plaintiff's rights, directing others to violate them, or with knowledge of the violation acquiescing in the subordinate's unconstitutional conduct, or with deliberate indifference to the consequences, he established and maintained a policy, practice or custom which directly caused the constitutional harm. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307,

316-17 (3d Cir. 2014), citing *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004), *reversed on other grounds* by *Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

To establish a claim for supervisory liability, a plaintiff "must identify a supervisory policy or practice that the supervisor failed to employ, and then prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure." *Id*. at 317.

Gondor has not made any factual allegations as to defendants "Supervisor of Kevin McKeown" and "Director of Delaware County Adult Parole and Probation". He can not bring claims against these individuals based solely on McKeown's acts. Because Gondor has not alleged facts showing that these defendants were either personally involved in the events giving rise to his claims or that they maintained a policy with deliberate indifference that caused the alleged constitutional violations, we shall dismiss Gondor's claims against them.

### *Claims Against Kevin McKeown*

It is difficult to discern the precise factual basis for Gondor's claims against McKeown. Liberally construing the Complaint in light of his *pro se* status, it appears he is raising Fourth Amendment claims for false arrest, false imprisonment, and possibly

malicious prosecution in connection with his violation of probation proceedings and two periods of detention.

To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483.

A plaintiff asserting a malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

Here, Gondor's false arrest, false imprisonment, and malicious prosecution claims fail because he has not alleged facts that would plausibly support a legal conclusion that probable cause was lacking for his arrest, prosecution and related imprisonment. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"). Furthermore, he

5

cannot make out a plausible cause of action arising from his detention for violating probation or parole because the proceedings did not terminate in his favor. *See Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009) (*en banc*) ("[U]pon examination of the entire criminal proceeding, the judgment must indicate the plaintiff's innocence of the alleged misconduct underlying the offenses charged."); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that either the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" (footnote and citation omitted)); *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (*Heck* applies to proceedings revoking probation/parole).

Accepting the facts alleged in the complaint as true and drawing all inferences from them in favor of Gondor, we conclude that he has not stated a plausible claim for relief against the defendants.

## Conclusion

We shall grant Gondor leave to proceed *in forma pauperis* and dismiss his Complaint. Hence, we shall grant Gondor leave to file an amended complaint.